CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

DAN M. KARMEL (NYBN 5151485)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7007
    FAX: (415) 436-7234
    dan.karmel@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 23-00130 JD |
|     Plaintiff, | ) |
| | ) **UNITED STATES' AMENDED SENTENCING** |
|     v. | ) **MEMORANDUM** |
| | ) |
| ESTANISLAO CORVERA, | ) Judge: Hon. James Donato |
| | ) Sentencing Date: April 6, 2026 |
|     Defendant. | ) Time: 11:00 a.m. |
| | ) |
| | ) |

I.    **INTRODUCTION**

On May 2, 2023, the defendant, Estanislao Corvera, was charged by Indictment with Distribution of 50 Grams and More of a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  He was arrested on December 22, 2024, and made an Initial Appearance on December 23, 2024, before the Honorable Lisa J. Cisneros.  *See* Presentence Investigation Report ("PSR") ¶ 4.  He was ordered released on a $25,000 unsecured bond and has been out of custody since. *Id.*  On March 5, 2025, he was charged by Superseding Information with Distribution of a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  *Id.* ¶ 1.  On November 17, 2025, Corvera pleaded guilty to the charge in the Superseding Information.  *Id.* ¶ 2.

The charge and conviction stem from an incident on April 7, 2022, in which Corvera delivered

GOV'T AMENDED SENTENCING MEM.    1
CR 23-00130-JD-3

approximately one pound of methamphetamine to an undercover law enforcement officer (the "UC"). For the reasons set forth below, the government recommends a sentence of 15 months' imprisonment followed by three years of supervised release.

## II.      THE CHARGED CONDUCT

The government agrees with the PSR's description of the charged conduct in this case.  Between April 4 and April 6, 2022, the UC communicated with one of Corvera's associates to arrange to purchase a pound of methamphetamine and a small amount of heroin.  *Id*. ¶ 8.  On April 7, 2022, when the UC arrived to conduct the deal, he was instead greeted by Corvera.  *Id*. ¶ 9.  The UC asked Corvera where the individual who had arranged the deal was, and Corvera responded that he was at home feeling sick.  *Id*.  Corvera proceeded to give the UC the pound of methamphetamine in exchange for $1,750.  *Id*. ¶ 10.  The UC asked Corvera why the package did not also contain heroin, and Corvera called the other individual who arranged the deal and gave the phone to the UC.  *Id*.  The other individual explained that he had been unable to obtain the heroin, then instructed Corvera to return $100 to the UC.  *Id*. ¶ 11.

## III.     SENTENCING GUIDELINES CALCULATIONS

The parties and Probation agree that the Sentencing Guidelines calculation for Corvera's conduct is as follows:

a.   Base Offense Level, U.S.S.G. § 2D1.1(a)(5), (c)(6) – at least 350 grams but less than 500 grams of methamphetamine:                                          28

b.   Safety Valve, U.S.S.G. § 2D1.1(b)(18):                                          - 2

c.   Minimal Participant Adjustment, U.S.S.G. § 3B1.2(a):                  - 4

d.   Acceptance of Responsibility, U.S.S.G. § 3E1.1(a), (b):              - 3

e.   Total Offense Level:                                                                    19

PSR ¶¶ 3, 17–26; Plea Agreement ¶ 7.  The PSR calculates that Corvera has a criminal history score of one, which places him in Criminal History Category ("CHC") I.  PSR ¶¶ 31–32.  The government agrees that Corvera qualifies for CHC I.  A Total Offense Level of 19 for an individual in CHC I results in a Guidelines range of 30 to 37 months.  *Id.* ¶ 55.  Pursuant to the Plea Agreement, the government may recommend a sentence no higher than 50% of the low end of the Guidelines, which in this case is 15

months.

## IV.   SENTENCING RECOMMENDATION

### A.   Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process.  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007).  The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary."  *Carty*, 520 F.3d at 991.  In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), including:

> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)   the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3)   the need for the sentence imposed to afford adequate deterrence to criminal conduct; and
>
> (4)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B.   Discussion of Section 3553(a) Factors

Corvera has been convicted of a serious crime.  As noted in *United States v. Ailemen*, "[w]e begin with a clear recognition that trafficking in illegal narcotics . . . , without more, causes serious harm to society."  165 F.R.D. 571, 596 (N.D. Cal. 1996).  That said, as noted in the PSR, Corvera played a minimal role in the offense.  Moreover, the PSR identifies several mitigating considerations for Corvera, including the tragic circumstances of his childhood and his experience as the victim of a violent crime.  PSR ¶¶ 38–39.  Balancing Corvera's conduct against those mitigating factors, it is the government's position that a sentence of 15 months' imprisonment is sufficient but not greater than necessary to comply with the purposes of Section 3553(a).  The government also requests that the Court impose the following special condition, as agreed upon in the Plea Agreement:

<u>Suspicionless Searches</u>

The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search.  Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion.  Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

**V.      CONCLUSION**

For the foregoing reasons, the government recommends that the Court sentence Corvera to 15 months' imprisonment followed by three years of supervised release.

DATED:  March 24, 2026                                    Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


 */s/ Dan Karmel*
DAN M. KARMEL
Assistant United States Attorney

GOV'T AMENDED SENTENCING MEM.             4
CR 23-00130-JD-3